IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-376-D

| | | |
|---|---|---|
| MIA C. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHUCK ROSENBERG, Director of DEA, | ) | |
| and BETH COBERT, Director of OPM, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Interested Party. | ) | |

On November 14, 2016, Mia Alford ("Alford") filed a complaint alleging disability discrimination against the Drug Enforcement Administration ("DEA"), [D.E. 1-1], and moved for leave to proceed in forma pauperis [D.E. 1, 4]. On February 6, 2017, Alford filed a corrected complaint and named Chuck Rosenberg ("Rosenberg") in his official capacity as the director of the DEA, and Beth Cobert ("Cobert") in her official capacity as director of the Office of Personnel and Management ("OPM") as defendants [D.E. 5]. On March 12, 2018, the defendants filed a motion to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) [D.E. 16], and filed a memorandum in support which alleged that neither the United States Attorney nor the United States Attorney General were properly served under Rule 4 [D.E. 17]. See Fed. R. Civ. P. 12(b)(5), 4(i)(2). On March 20, 2018, Alford responded in opposition [D.E. 20]. On March 25, 2018, this court directed the government to file a statement updating the court on the status of

Alford's related suit which the Honorable James C. Fox had remanded to the Merit Systems Protection Board ("MSPB") [D.E. 21]. On April 30, 2018, the government responded [D.E. 22]. As explained below, the government's motion to dismiss is denied.

A motion to dismiss made under Rule 12(b)(5) objects to a defect in the act (or lack) of delivery of the summons and complaint. See, e.g., 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). Proper service "is necessary for the court to exercise personal jurisdiction over a defendant." Stout v. Garner Police Dep't., No. 5:15–CT–3105–BO, 2016 WL 8650140, at *2 (E.D.N.C. Aug. 12, 2016) (unpublished), aff'd, 671 F. App'x 218 (4th Cir. 2016) (per curiam) (unpublished); see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Rule 4(i) establishes the requirements for "[s]erving the United States and Its Agencies, Corporations, Officers, or Employees." Fed. R. Civ. P. 4(i). To serve an agency or officer in an official capacity, a plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . or officer." Fed. R. Civ. P. 4(i)(2). To serve the United States,

> a party must: (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or; (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office . . . [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . .

Fed. R. Civ. P. 4(i)(1). These requirements are not mere formalities. "The United States Attorney and the Attorney General are the designated legal representatives of the government that [Alford] is suing." Cobb v. GC Servs. LP, No. 3:16-3764, 2017 WL 1856176, at *2 (S.D. W. Va. May 8, 2017) (unpublished).

Alford has submitted affidavits of service for Rosenberg and Cobert, but not for the Attorney General or for the United States Attorney. See [D.E. 12, 13]; Fed. R. Civ. P. 4(l)(1); Wise v. United States Dep't of Agric., No. 4:13–CV–234–BO, 2014 WL 5460606, at *2 (E.D.N.C. Oct. 27, 2014) (unpublished), aff'd, 592 F. App'x 203 (4th Cir. 2015) (per curiam) (unpublished). The government's motion to dismiss for improper service asserts that Alford did not serve the United States Attorney or the Attorney General within the 90 days allotted by Rule 4. See [D.E. 17]; Fed. R. Civ. P. 4(m).

In response, Alford makes two arguments. First Alford argues that serving Rosenberg and Cobert is sufficient because serving process at the Department of Justice gave the United States notice of her complaint. See [D.E. 20] 2. Although notice to the defending parties of pending claims is an "important aspect of service, [notice] is not [its] only function." Cobb, 2017 WL 1856176, at *2 (collecting cases). This court does not have personal jurisdiction over the United States or over Rosenberg and Cobert in their official capacities until the plaintiff satisfies the requirements of Rule 4 including serving process on the Attorney General and the United States Attorney. See Fed. R. Civ. P. 4(i)(1). Alford presents no evidence that she complied with these requirements. Cf. [D.E. 12, 13]. Accordingly, this argument fails.

Second, Alford argues that this court's order permitting her to proceed in forma pauperis and directing the United States Marshal Service ("USMS") to serve summonses prepared by Alford excuse her from the requirements of Rule 4. See [D.E. 20] 1; [D.E. 4]. "While pro se litigants sometimes are entitled to leniency, the Supreme Court has ... never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." Basnight v. Potter, No. 2:08–CV–27–F, 2009 WL 1810776, at *2 (E.D.N.C. June

24, 2009) (unpublished) (quotation omitted) (emphasis in original); see McNeil v. United States, 508 U.S. 106, 113 (1993). However, Rule 4(m) requires a district court to extend the time for service "if the plaintiff shows good cause" for why proper service was not made within 90 days. Fed. R. Civ. P. 4(m); see Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). When a plaintiff is allowed to proceed in forma pauperis, the responsibility for serving pleadings falls to the United States Marshal Service. See 28 U.S.C. § 1915(d); Jones v. Hashagen, 419 F. App'x 141, 145 (3d Cir. 2011) (per curiam) (unpublished); Olsen v. Mapes, 333 F. 3d 1199, 1204 (10th Cir. 2003). In such cases, defects in service are not attributable to the plaintiff and create good cause to excuse a failure to serve. See Olsen, 333 F.3d at 1204–05 (collecting cases); Evans v. United States, No. 4:16–CV–20, 2016 WL 9331286, at *2 (W.D. Va. Nov. 15, 2016) (unpublished).

Alford asks this court to allow her time to perfect service by having the United States Marshal Service serve the United States. See [D.E. 20] 1. This request is proper, and good cause exists to grant the request. Thus, the motion to dismiss [D.E. 16] is denied.

In sum, the government's motion to dismiss for insufficient service of process [D.E. 16] is DENIED without prejudice. The United States Marshal Service is DIRECTED to serve copies of the summons and complaint on the Attorney General of the United States and the United States Attorney for the Eastern District of North Carolina in accordance with Rule 4(i).

SO ORDERED. This 11 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge